Mr. justice Gantt,
disssnting, delivered the following opinion :
This was an action on the case, brought against the defendant, for a wrong done in taking, without any lawful authority, a mare and colt, and causing the same to he sold, aggravated by the circumstance of its having been done under pretence of legal authority.
Of all the kinds of force which are practised in society. that is the most reprehensible which is done under the *135 mask of the law, when, in truth, the object is to gratify the malice or promote the gain of the person who commits it. Precisely of this complexion did this case appear before me on the trial of it.
The defendant was an executor under the will of Oba*-diah Johns, who died, leaving a considerable estate, and little or nowise incumbered. By his will he bequeathed for life the principal part of his property to the plaintiff, bis widow, for the support of herself and a number of minor children. The mare, <he subject matter of the present action* had been in the possession of the plaintiff upwards of two years* and essentially necessary for the support of the family as a work beast. During that time she had been put to a horse and had a colt. '
This mare- was levied on to satisfy a small debt due from the estate. The plaintiff in vain urged that she was willing to pay the debt. In vain did she make a tender of the money for that purpose. The defendant said he would sell at all events; he did so, and became the purchaser. It did not appear that any other debt was due from the estate.
Now, it is said that the executor had a power by law to do this, and that the plaintiff was remediless at law; but this I deny, when once the executor has assented to the legacy. Assumpsit will lie for a specific legacy after the executor has assented; and I maintain with confidence, that the only question in this case was* whether the executor had assented or not to the plaintiff’s taking possession of this mare under the will; and that was a question which the jury alone could decide, and the case was submitted to them on that specific ground.
They were told of the legal right which an executor' possessed by law. That his control over the property could not be interfered with, and that a legatee could not legally obtain possession without the assent of the executor. But that when this was given, he had no right to retake into his possession property thus given up to the legal owner. That the. bequest transferred an inchoate property to the legatee* which was perfected by the assent of *136 the executor. That the property devolved upon the executor for the payment of debts in the first place, and that before he could safely pay legacies, he was bound to see ■whether, independent of them, there was a fund sufficient for the demands of creditors. That the property became absolutely vested by the executor’s assent, &c. ,
Butler.and Butler, for the motion-
Brooks, contra.
Now the assent of the executor may be inferred either from expressions or acts ; as to congratulate the legatee on his legacy, or if he requests the legatee to dispose of a house bequeathed to him. No particular form of assent has been prescribed by law. The assent may be expressed or implied, absolute or conditional. A very slight assent is held sufficient, (1 Vern. 94, 460. 4 Bac. Abr. 405.) Here the mare was called and known as the plaintiff’s; she had remained with her for two years, and every presumption growing out of the circumstances that the assent of the executor accompanied the possession. In a freak, and to gratify his malevolent disposition against a ■mother, charged with the support and protection of a family, this executor seizes upon a favorite ánimal of the life owner, and in despite of every persuasion, and without any the least necessity, he proceeds with violence to sell, under the pitiful pretence of satisfying a debt due, and which his mother offered to pay up. The owner may, in such case, maintain an action at law for the wrong dene. In 4 Bac. 445, it is said, an action at law lies against an executor to recover a specific chattel bequeathed, after his assent to the bequest; a fortiori will an action upon the case lie, after his assent, and possession given of the legacy. I thought on the trial, and stilfcontinue of that opinion, that the evidence which the trial furnished was abundantly sufficient to shew the implied assent of the executor. That \yas a question too for the jury, and distinctly submitted; and their verdict having found the fact and afforded redress for an outrage of a flagrant nature, I think this Court have no right to interfere with it.